```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT


LOCAL #1674 OF HOWARD MENTAL       :
HEALTH, A SUBORDINATE BODY OF      :
COUNCIL 93 OF THE AMERICAN         :
FEDERATION OF STATE, COUNTY AND    :
MUNICIPAL EMPLOYEES AFL-CIO        :
a/k/a AFSCME LOCAL #1674,          :
                                   :       Case No. 2:14-cv-67
        Plaintiff,                 :
                                   :
    v.                             :
                                   :
HOWARDCENTER, INC.,                :
                                   :
        Defendant.                 :
```

## Opinion and Order

In light of the Court's recent remand order, the parties have each filed a motion now pending before the Court. First, Plaintiff moves for attorney's fees for wrongful removal. ECF No. 35. Second, Defendant moves for a certificate of appealability and to stay the proceedings. ECF No. 37. For the following reasons the Court **denies** both motions.

**I. Relevant Background**

Plaintiff originally filed this action in Vermont Superior Court against Defendant for its alleged failure to properly apply state Medicaid funds. Plaintiff claims that Defendant is obligated to raise the compensation for its direct service employees as a result of a Vermont state statute.

On April 1, Defendant removed the action to this Court on a theory of complete preemption under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Plaintiff subsequently filed a motion to remand and Defendant filed a motion to dismiss. On August 27, 2014 the Court granted Plaintiff's Motion to Remand to State Court for Lack of Subject Matter Jurisdiction and denied as moot Defendant's Motion to Dismiss for Failure to State a Claim. ECF No. 34.

**II. Plaintiff's Motion for Attorney's Fees**

Plaintiff moves for attorney's fees for wrongful removal pursuant to 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure 54(d)(2)(B). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). When an objectively reasonable basis exists, fees should be denied. *Id.*

District courts retain discretion to consider whether "unusual circumstances" warrant a departure from the rule in a given case but any reason for departing from the general rule should be "faithful to the purposes" of awarding fees. *Id.* Objective reasonableness is evaluated based on the circumstances that existed at the time that the case was removed. *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011).

Plaintiff argues that because Defendant never used the proper term "complete preemption" in any of its pleadings that even Defendant found its legal claim "fundamentally implausible." ECF No. 35 at 3. Moreover, Defendant's "strained factual assertions" were "always of a defensive character and thus never legally sufficient grounds for removal." *Id.*

Defendant counters that it had an objectively reasonable basis for removal and incorporates by reference arguments it makes in the interlocutory appeal context. Defendant argues that there is substantial ground for difference of opinion regarding preemption. Moreover, Defendant notes that Plaintiff never raised the issue of defensive preemption until the Court did *sua sponte* and disputes Plaintiff's statement that it never raised the issue of complete preemption in its pleadings.

Plaintiff concedes in its reply that its initial statement was overbroad and it should have stated that Defendant did not present complete preemption as the sole basis for removal jurisdiction. Plaintiff suggests that if Defendant had done so rather than also including "irrelevant if fascinating defensive claims" the lack of removal jurisdiction would have been clear and far less complex. ECF No. 42 at 3.

The Court finds that Defendant had an objectively reasonable basis for removal. The Court issued a twenty-seven page opinion explaining its reasoning and recognized that the

3

boundary between claims requiring "interpretation" of a collective bargaining agreement and those requiring "consultation" can be "elusive." ECF No. 34 at 12. Defendant raised a colorable argument. The Court simply rejected it. Attorney's fees, therefore, are not warranted at this time.

### III. Defendant's Motion for a Certificate of Appealability

Defendant moves for certification of the Court's August 27, 2014 Opinion and Order for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Defendant argues that certification should be granted because an interlocutory appeal of the Court's Order will materially advance the ultimate termination of the litigation and prevent Defendant from being unduly prejudiced. Moreover, Defendant submits that the issue of preemption under Section 301 involves a controlling issue of law as to which there is substantial ground for difference of opinion. Defendant also asks the Court

to stay proceedings in this action pending resolution of such an appeal.

Plaintiff counters that the Court remanded this case for lack of subject matter jurisdiction and, therefore, that the Court's remand order is unreviewable under federal law. 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."). Plaintiff argues that Defendant cannot circumvent this statutory prohibition by creatively asking the Court to stay the order so there would be no order of remand in effect. The Second Circuit has explained that the provision in § 1447(d) "encompasses attempts by means of a § 1292(b) certification and discretionary appeal." *In re WTC Disaster Site*, 414 F.3d 352, 367 (2d Cir. 2005). Moreover, Plaintiff notes that Defendant offers no authority whatsoever to support any contention that this Court retains jurisdiction to grant an interlocutory appeal.

Defendant does not cite much less discuss the statutory prohibition on further review in its motion. However, in its Reply to Plaintiff's Opposition it changes tack somewhat by suggesting that it is only seeking appellate review of the Court's Order to the extent that the Court ruled upon a matter of law central to Defendant's Motion to Dismiss, namely, whether Plaintiff's claims are completely preempted. In its Order the

5

Court acknowledged that the inquiry it conducted in the remand context was identical to the dismiss context.  *See* ECF No. 34 at 11 n.4.  Defendant argues that this footnote somehow converts the Court's Order into not only a remand, but also a ruling of law denying part of Defendant's Motion to Dismiss.

While the Court generally might be permitted to certify interlocutory appeals for orders denying motions to dismiss, it issued no ruling on the merits of Defendant's motion in this case.  The Court decided the remand question first because if it did not have subject matter jurisdiction, by definition, it would not have the power to rule on the Defendant's motion.  ECF No. 34 at 6 ("Because the disposition on the motion to remand will determine whether this Court has jurisdiction to decide the motion to dismiss, the Court addresses the motion to remand first.").

The Court has already explicitly ruled that it lacks subject matter jurisdiction.  Therefore it does not have jurisdiction to stay its own remand order or to grant an interlocutory appeal.  Moreover, the Second Circuit would also lack appellate jurisdiction to review its remand order.  *See Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 165 (2d Cir. 2011) ("Because the district court's decision to remand this case rested on a determination that it was without subject-matter jurisdiction, we lack appellate jurisdiction to review

it.).  Accordingly Plaintiff's motion for a certificate of appealability and for a stay of this proceeding is denied.

Dated at Burlington, in the District of Vermont, this 3rd day of December, 2014.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
